WO

KAB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Tony Deng,

Plaintiff,

v.

Unknown Henry, et al,

Defendants.

No. CV-25-01554-PHX-JAT (JFM)

**ORDER**

Plaintiff Tony Deng, who is currently confined in the Arizona State Prison Complex-Lewis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. 23).

The Court will deny the Motion.

**I.    Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims in Counts One and Two of his Complaint against Defendants Barnes, Perea,[1] and NaphCare based on Plaintiff's allegations that between August 2022 and May 2023, he was denied a full meal after receiving his morning insulin treatments (Count One), and was forced to endure severe pain without medication for a 90-day period and a second, 41-day period due to NaphCare's failure to properly train its

---

[1] Although Defendant Perea was initially named as a Doe Defendant, Plaintiff later identified and substituted Defendant Perea as the correct Defendant to his claim.  (Doc. 14.)

healthcare providers regarding medications for chronic care patients (Count Two). (Doc. 6.) Defendants Barnes and Perea were instructed to respond to Count One and Defendant NaphCare was instructed to respond to Count Two. (*Id.*) The Court dismissed the remaining claims and Defendants. (*Id.*)

## II.     Plaintiff's Motion

Plaintiff requests that the Court issue an order directing NaphCare to establish that all approved chronic care keep-on-person (KOP) medications can be renewed and refilled automatically upon request and medications be delivered within 10 days; that all approved KOP medical supplies be supplied to prisoners within 45 days; that over-the-counter medications for common illness such as flu or cold be delivered within 24-48 hours of request; and that NaphCare work with security staff to "develop a process that would ensure insulin administrations occur at a reasonable time daily and consistently." (Doc. 23 at 9-10.)

In support of his requests, Plaintiff asserts that on September 2, 2025 and November 28, 2025, he requested an eye exam, and although he has told the appointment was scheduled, he still had not been seen as of December 9, 2025. Plaintiff asserts that on November 20, 2025, he requested medication for cough and runny nose and, although the request was approved, he still had not received it 19 days later. Plaintiff asserts that on February 2, 2025, a doctor ordered a pair of shoes for Plaintiff due to his diabetic conditions, and although he submitted four inquiries as to the statutes of the shoes, the shoes were not given to him. Plaintiff asserts that nine months later, he addressed the issue of the shoes with the doctor and they had to be reordered and Plaintiff had still not received the shoes a month later.

## III.     Legal Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555

U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). Nonetheless, "federal courts must not shrink from their obligation to enforce the constitutional rights of all persons, including prisoners" and must not "allow constitutional violations to continue simply because a remedy would involve intrusion into the realm of prison administration." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (citation omitted).

A plaintiff seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. When the government opposes a preliminary injunction, "[t]he third and fourth factors of the preliminary-injunction test—balance of equities and public interest—merge into one inquiry." *Porretti*, 11 F.4th at 1047. The "balance of equities" concerns the burdens or hardships to a prisoner complainant compared with the burden on the government defendants if an injunction is ordered. *Id.* The public interest mostly concerns the injunction's impact on nonparties rather than parties. *Id.* (citation omitted). Regardless, "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Id.* (citation omitted).

Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). Further, under the Prison Litigation Reform Act, injunctive relief must be narrowly drawn and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

The Court lacks jurisdiction over claims for injunctive relief that are not related to the claims pleaded in the operative complaint. *See Pac. Radiation Oncology, LLC v.*

- 3 -

*Queen's Med. Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction"); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint); *see also Prince v. Schriro*, CV-08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (unless a claim concerns access to the courts, the Plaintiff must show a nexus between the relief sought and the claims in the lawsuit.).

**IV.    Discussion**

Plaintiff's Motion seeks relief based on an unscheduled eye exam, nonreceipt of medication for a cough and runny nose, and nonreceipt of medical shoes. (Doc. 23). None of those issues are alleged in his operative Complaint, and the Court lacks jurisdiction to grant Plaintiff relief based on actions that have arisen since he filed his operative Complaint and that lack a nexus to the claims in his underlying Complaint. (Doc. 6). Moreover, Plaintiff's Motion is entirely based on past conduct and seeks broad relief based on speculative conduct that might occur in the future. Plaintiff's speculation that he will continue to suffer delays is not sufficiently concrete to establish that he will suffer irreparable harm in the absence of an injunction. Defendants are already required to provide Plaintiff with constitutionally adequate care and Plaintiff does not identify anything specific for the Court to address in a *preliminary* order. Because Plaintiff seeks relief based on actions unrelated to the claims in his operative Complaint, Plaintiff does not seek narrowly tailored relief, the relief Plaintiff seeks is based on speculative future actions of Defendant NaphCare, and Plaintiff has not shown that he will suffer irreparable harm in the absence of an injunction, his Motion will be denied.

**IT IS ORDERED:**

(1)    The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Preliminary Injunction (Doc. 23).

/ / /

(2)    Plaintiff's Motion for Preliminary Injunction (Doc. 23) is **denied**.

Dated this 12th day of May, 2026.

_____

James A. Teilborg
Senior United States District Judge